```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 10-21898-CIV-GRAHAM
                           MAGISTRATE JUDGE P.A. WHITE
```

JOHN C. SPAULDING,            :

    Plaintiff,            :

v.                            :            <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>

JOHN POITIER, et al.,         :

    Defendants.           :

_____

## I. <u>Introduction</u>

John C. Spaulding has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983, while confined in the Charlotte Correctional Institution. (DE#1). The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>       \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>       \*   \*   \*

>    (B) the action or appeal –
>
>            *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of

state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

Facts of the Case

The plaintiff names the following defendants: Dr. Poitier, Jackson Health Services, Director Timothy Ryan, Miami Dade Officers

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

Mera, Rodgers, Abonze, Prudent, Neal, Jasmin, Nurse Marsh, Miami Dade Department Of Corrections, and Nurse Etienne of Jackson Memorial Hospital.

The plaintiff states that on May 15, 2008, while confined at the Miami Dade County Pretrial Detention Center, he declared himself suicidal to escape threats made by Corporal Cushnie, who tore up his religious material and told him he hated Muslims. He states that while on the Psychological Suicide Watch Floor, he was forcibly held by the named officers and given an injection of Haldol by Nurse Marsh. He states that Dr. Poitier was not present, but ordered the injection on the phone. He claims that as a result of this strong dose his vision has been declining. He further claims he suffered a pinched nerve, but has regained feeling back in his hands. He adds that he has been suffering from Glaucoma and is being treated for the disease since 2002. He alleges a violation of his religious rights and a violation resulting from an "illegal injection of Haldol".  He seeks over ten and one half million dollars in monetary damages.

Sufficiency of the complaint

To successfully state a §1983 cause of action, the plaintiff must demonstrate that person or persons acting under color of state law deprived him of a constitutionally protected right. 42 U.S.C. §1983. In this case, an injection of Haldol administered to a plaintiff on the Suicide Watch Floor, prescribed by a doctor, does not demonstrate a violation of a constitutional right. The plaintiff clearly did not feel that an injection of Haldol was required. The Courts have long recognized that a difference of opinion between an inmate and the prison medical staff regarding medical matters, including the diagnosis or treatment which the

inmate receives, cannot in itself rise to the level of a cause of action for cruel and unusual punishment, and have consistently held that the propriety of a certain course of medical treatment is not a proper subject for review in a civil rights action. <u>Estelle v. Gamble</u> at 107 ("matter[s] of medical judgment" do not give rise to a §1983 claim); <u>see also</u> <u>Ledoux v. Davies</u>, 961 F.2d 1536 (10 Cir. 1992) (inmate's claim he was denied medication was contradicted by his own statement, and inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10 Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation), <u>cert. denied</u>, 450 U.S. 1041 (1981). [2]

The plaintiff's claim that his eye sight has been deteriorating as a result of the injection is contradicted by his own statements, in which he admits he is suffering from Glaucoma, and has been treated for this disease since 2002. Clearly, his deteriorating eye sight is symptom of his disease.

### III.   <u>Conclusion</u>

It is therefore recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

---

[2] The plaintiff's claims of sustaining bruises while being administered the injection does not rise to a level of a constitutional violation.

5

Dated at Miami, Florida, this 6th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: John Christopher Spaulding, Pro se
DC #183425
Charlotte Correctional Institution
Address of record